NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-CV-530-KKC

JERRY D. GILBERT                                                                            PLAINTIFF

VS:          **MEMORANDUM OPINION AND ORDER**

RON JOHNSON and
ROBERT THOMAS                                                                        DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Jerry D. Gilbert, an individual presently confined at the Harlan County Detention Center in Harlan, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 and an application to proceed *in forma pauperis*.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

### CLAIM

The plaintiff claims that he has been denied his right to medical care, which the Court construes as an Eighth Amendment claim.

### DEFENDANTS

As defendants, the plaintiff has named Harlan Circuit Court Judge Ron Johnson and the plaintiff's court-appointed attorney in that court, Robert Thomas.

### FACTUAL ALLEGATIONS

The plaintiff's factual allegations consist of the following, in their entirety:

> On Sept. 17, 2006 before my incarceration I went to my doctor in Whitesburg, Ky ARH and learn I had two cyst on the bottom of my back wrapped around my spine.

> Plus I was shot in the mouth and need surgery to remove the cyst and two bullet fragment. On Oct. 5, 2006 I went back for a follow up. I was Reffered by my Doctor to a surgical clinic on that day. The Judge would not let me go on the 13th of oct. so I resheduled and he still denied me on the 20th of Oct. And yet again on the 7 of November. I filed for a bond reduct and my lawyer wouldn't answer or even help me with any of this he wouldn't answer any of my call and his secretary is constantly getting smart with my mother and family.

Record No. 1, complaint signed November 9, 2006.

## RELIEF REQUESTED

The plaintiff seeks injunctive relief, *i.e.*, "I would like a new lawyer, and would like for the court to give me a R.O.R bond in order for me to go to my doctor."

## DISCUSSION

There are several flaws in the plaintiff's submissions herein. The first is his failure to submit a certificate of inmate account to support his motion to proceed *in forma pauperis*. He explains in detail, however, the efforts which he made to have the Court's certificate of inmate account form completed and he supplies an affidavit claiming indigency. Record Nos. 4-5. Further, Gilbert admits to being represented by a public defender. Therefore, the Court will accept his sworn indigency as fact and grant the motion to proceed *in forma pauperis*. However, the Court will not be able to assess an initial partial filing fee payment at this time. The Court will order the prisoner-plaintiff to make periodic payments at a later date, whenever the Court has more information on his financial situation.

As to the complaint, to establish a right to relief under §1983, a plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street*

*v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The instant plaintiff is claiming that deliberate indifference has been exhibited to his serious medical needs. The Supreme Court has held that "[i]n order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, a prisoner must show both "serious medical needs" and a defendant's "deliberate indifference" to those needs. *Id.*

Even assuming that the plaintiff's medical needs are serious and urgent, his allegations fail to state a claim as to the second component, *i.e.*, who has been deliberately indifferent to these needs. He complains that he sought help from jail personnel, several of whom he identifies, but that they refused to give him a grievance form. However, to the extent that he desires to sue them for displaying deliberate indifference, his allegations suffer two fatal flaws. He does not name any of them as defendants, and he fails to make the necessary showing of exhaustion of the jail's administrative remedy process.

With regard to prisoners' lawsuits against jail personnel, Congress has mandated that prisoners are required to exhaust a jail's or prison's administrative remedy scheme before coming to federal court, the relevant statute providing as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter*

-3-

*v. Nussle*, 534 U.S. 516, 532 (2002).  Further, exhaustion must be properly in conformity with the administrative remedy scheme.  *Woodford v. Ngo*, 126 S.Ct. 2378, 2006 WL 1698937 (June 2006).

Moreover, the Sixth Circuit has consistently insisted on a clear demonstration of compliance with the statute at the time of filing.  *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997).  A plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity.  *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice.  *Id.*

Upon the filing of the case *sub judice*, the Court initially found the plaintiff's "explanation of the administrative remedy efforts which he tried [was] insufficient" for demonstrating exhaustion of the Jail's administrative remedy system.  Record No. 3.  However, the Court offered the plaintiff an opportunity to cure this and the financial defects within 30 days, directing that he provide the following as to the administrative exhaustion issue:

> A demonstration that available administrative remedies have been exhausted, or a detailed account of all of his attempts to obtain grievance forms, including where, when, and to whom each request for a grievance was made and the topic of each request.

*Id.*  In the same Order, the Court also warned the plaintiff that it may dismiss his action if he did not timely comply.

In response [Record No. 4], Plaintiff has written that although there is a grievance procedure at the jail, he did not use it.  As to why, he claims that he told "Laurn Adams, Roger Shell, and

Ronnie Bennett [but] I was denied a grievance form . . . which prevented a formal grievance by the prisoner grievance committe." He evidently stopped there. The plaintiff describes no further provisions of the administrative system nor any effort(s) to bring the matter to the attention of the jailer by letter or any other means.

In response to the Court's explicit instructions, Plaintiff Gilbert has listed three names as the individuals "to whom" he requested a form, although he does not reveal who they are or the reach of their authority. He has not, however, made any showing as to the "where, when, and . . . topic of each request," as this Court specifically ordered. Nor has he otherwise demonstrated the exhaustion which is required by the clear language of the statute and interpretive case law.

The plaintiff has failed to carry his burden to "describe with specificity the administrative proceeding and its outcome," with regard to any of his medical appointments or the need therefor. *Knuckles-El*, 215 F.3d at 642. His efforts fall short of the requirements of the afore-stated law. *See also Brown v. Toombs,* 215 F.3d at 642; *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 997 (6th Cir. 2004), *cert. denied*, 544 U.S. 920 (2005); *Clayton v. U.S. Dept. of Justice*, 136 Fed.Appx. 840, 842 (6th Cir. 2005) (not selected for publication).

The importance of the information exchanged in the administrative remedy process cannot be overstated. Exhaustion is not a mere formality. The Sixth Circuit has repeatedly explained that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). *See also Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Bell v. Konteh*, 450 F.3d 651, 2006 WL 1651662 (6th Cir. June 16, 2006), *petition for certiorari filed*, 75 USLW 3248 (Oct 17, 2006)(No. 06-592).

In this case, therefore, it is the duty of this Court to enforce the requirement of the statute. *Knuckles-El*, 215 F.3d at 642. To the extent that the plaintiff's allegations concern the response of Jail personnel to his medical requests, his claims must be dismissed, the dismissal to be without prejudice to his right to bring them against named staff members who were allegedly deliberately indifferent, at a later time, after proper exhaustion of his administrative complaints about them.

With regard to the persons named defendants herein, Judge Johnson and Attorney Thomas, the plaintiff's claims against them are barred. Factually, he alleges that the state court judge would not permit him to go to several doctor appointments and would not grant him release on his own recognizance, but the allegations do not make it clear that the judge even knew of the alleged serious medical needs, since the plaintiff complains that his attorney wouldn't help. Nonetheless, even if he did know, a presiding state judge is protected from suit by a criminal defendant, as a matter of law.

Judges are absolutely immune from suit for a deprivation of civil rights so long as the complained-of act was not taken in the clear absence of all jurisdiction and so long as the complained-of act was a judicial act (the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity). *See Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. at 359. Having complained of the presiding judge's rulings on the topic of his being released to go to a doctor, the plaintiff essentially admits that Judge Johnson's acts were judicial, and therefore, he cannot go forward against him.

Moreover, the rule of *Younger v. Harris*, 401 U.S. 37 (1971), as interpreted in *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986), operates to require federal courts, absent extraordinary circumstances, to dismiss actions brought pursuant to 42 U.S.C. §1983 that would interfere with state court proceedings. *See Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). This is especially true herein, as this Court has no idea why the plaintiff is incarcerated or why he has not been granted ROR or what length of time is involved in his planned surgeries and/or his incarceration.

With regard to the other named defendant, Gilbert's defense attorney, the law is well settled that attorneys, even including public defenders who are paid by the state, are not state actors against whom claims can be asserted under §1983. *See Polk v. Dodson*, 454 U.S. 312, 318 (1981); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). See also unpublished Sixth Circuit decisions affirming the dismissal of §1983 civil suits because attorney defendants do not qualify as "state actors": *White v. Robertson-Deming*, 9 Fed. Appx. 418, 2001 WL 549211 (6th Cir. 2001); *Thomas v. Pugh*, 9 Fed. Appx. 370, 2001 WL 522437 (6th Cir. 2001); *West v. Lambert*, 3 Fed. Appx. 440, 2001 WL 128358 (6th Cir. 2001).

Plaintiff Gilbert simply is not entitled to proceed in federal court against these defendants. It does not mean that he is without recourse, however. He seems capable of proceeding *pro se* in his criminal case, or bringing in a separate proceeding, for a limited release for medical treatment purposes. This Court, however, will not interfere with these state court matters.

Finally, to the extent that the plaintiff suggests that the judge and/or prosecutor are violating some duty expected of them under state law, he is advised that 42 U.S.C. §1983 is not an avenue for redress of tort claims against the government or public officials of the state. *See Mertik v.*

*Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993); *Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994). Although a federal court has discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as §1983 actions, it may decline to exercise such jurisdiction when the federal claims, as herein, fail. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Again, Plaintiff's recourse is in state court.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The plaintiff's motion to proceed *in forma pauperis*, as supplemented [Record Nos. 4-5], is **GRANTED**.

(2) The plaintiff is assessed the $350.00 district court filing fee for this civil proceeding, to be paid in installments to be determined by the Court at a future date.

(3) All claims asserted by the plaintiff in this action will be **DISMISSED**, *sua sponte,* from the docket of the Court and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

Dated this 18th day of January, 2007.

Signed By:
*Karen K. Caldwell*
United States District Judge